STEPHEN A. MAIN v. HOBBY R. STEPHENS and Wife.

Where two persons are sued as husband and wife for labor and materials furnished to the wife; the wife cannot be examined as a witness.

The husband alone is liable for necessaries furnished to the wife during coverture; and in an action therefor, she ought not to be joined as a defendant, where the proofs will warrant a recovery against either.

APPEAL by the defendants from a judgment of the Fourth District Court, in favor of the plaintiff. The material facts, so far as disclosed in the return, appear in the opinion.

*Thomas E. Stewart*, for the defendants.

*Dudley Field* and *James S. Sluyter*, for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—This action is for compensation for services rendered to the wife during coverture, by a dentist, in the manufacture of artificial teeth. The wife was called as a witness on behalf of the plaintiff

and examined, and by her evidence the plaintiff's case was made out. After her examination for the plaintiff was concluded, the defendant moved to strike out the testimony of the wife, which was denied, upon the ground that the evidence had been received without objection.

The complaint does not allege the defendants to be married. The answer avers that Mrs. Stephens is a married woman. The plaintiff's evidence does not show a marriage, and although Mrs. Stephens was examined as a witness, neither party asked of her a question on that point.

No motion was made to dismiss the proceedings. I think we must take it for granted that the parties tried the case on the admitted fact of the marriage, although it does not so appear in the return.

But in any view of the case, the judgment cannot be sustained. If it be admitted that the defendants are married, then the wife was improperly sued with her husband for an account for materials, work and labor furnished and performed for her during coverture. She was not liable, and the husband alone was liable, if either of them could be held liable under this evidence, which is not at all clear.

It was also erroneous to examine the wife as a witness to fix a liability on the husband. If the action had been against him alone, she could not have been so examined, and the improper joinder of the wife as a defendant did not justify the examination.

The justice appears to have conceded this on the trial, because he put his refusal to strike out the testimony of the wife upon the ground that the evidence was all in without objection. The cause was on trial before him alone, and the motion to strike out was made when the plaintiff rested. Such a motion, made under such circumstances, might have been granted, if the evidence was illegal, and the illegality then, for the first time, made apparent. It may, however, be said there was no evidence that the defendants were married. If that ground is assumed, the judgment then is against evidence, in holding both defendants liable for the debt of one.

There are other errors apparent on the face of the return, but as those above referred to dispose of the case, it is not necessary to pursue the examination of them any further.

Judgment reversed.